Liput Law Offices, P.C.
P.O. Box 432
Mountain Lakes, New Jersey 07046
(973) 885-4665
Attorneys for Plaintiff

By:_____
    Andrew L. Liput

RECEIVED-CLERK
U.S. DISTRICT COURT

2009 JAN 21 A 11: 15

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------X
CARNEGIE MORTGAGE, LLC, and
ICON RESIDENTIAL CAPITAL LLC,

                Plaintiff,

-against-

FIGENIE NICOLAS, YVETTE MICHEL, UCI
APPRAISAL GROUP, CHUKWUEMEKA
IFEMESIA, STREAMLINE MORTGAGE CORP.,
KEN AHREM and ANTHONY PEPE,
                Defendants.
-----------------------------------------------------------X

No. 09 Civ 286 (KSH)

### CIVIL ACTION – COMPLAINT OF CARNEGIE MORTGAGE, LLC
### and ICON RESIDENTAL CAPITAL LLC

Plaintiffs, Carnegie Mortgage, LLC (Carnegie) and Icon Residential Capital LLC ("ICON"), by its attorney, Andrew L. Liput, Esq., as and for its Complaint against the above-referenced Defendants, Figenie Nicolas, Yvette Michel, UCI Appraisal Group, Chukwuemeka Ifemesia, Streamline Mortgage Corp., Ken Ahrem, and Anthony Pepe (hereinafter "Defendants"), alleges as follows:

1

## NATURE OF ACTION

1. Carnegie and ICON bring this action to recover its losses from the Defendants for breach of a Mortgage loan and certain Broker Lending Agreement in connection with the origination, sale and purchase of certain residential mortgage loans.

2. As a result of Defendants' actions and omissions, Carnegie and ICON have suffered losses due to the default of said Mortgage loan and their put-back by ICON's investors.

## THE PARTIES

3. Plaintiff ICON is a New Jersey corporation with its principal place of business at 23 Corporate Plaza, Suite 246, Newport Beach, California 92660. ICON is the service provider for Carnegie. Carnegie is a Mortgage lender. Carengie and ICON's (hereinafter plaintiffs) New Jersey administration office is located at 19D Chapin Road, Pine Brook, New Jersey 07058.

4. Upon information and belief, defendant, Figenie Nicolas (Nicolas), at all times hereinafter mentioned, having an address for residence of 700 East 58th Street, Brooklyn, New York 11210, was and is the borrower of a Mortgage loan to secure the purchase of certain real estate, having an address of 241-19 148th Street, Rosedale, New York 11422.

5. Upon information and belief, defendant, Yvette Michel (Michel), at all times hereinafter mentioned, having an address at and was the seller of the aforementioned premises.

6. Upon information and belief, defendant, UCI Appraisal Group (UCI) at all times hereinafter was a New York business entity, licensed as a real estate appraiser in the State of New York, and has a business address of 482 Grand Boulevard, Brentwood,

New York 11747, provided the real estate appraisal in connection with the Nicolas mortgage application.

7. Upon information and belief, defendant, Chukwuemeka Ifemesia (Ifemesia) at all times hereinafter was the individual licensed as a real estate appraiser in the State of New York, and has a business address of 482 Grand Boulevard, Brentwood, New York 11747, personally performed the real estate appraisal in connection with the Nicolas mortgage application.

8. Upon information and belief, defendant, Streamline Mortgage Corp. (Streamline), at all times hereinafter mentioned, was and is a New York corporation licensed as a residential mortgage broker, having an address for business at 365 Route 25A, Mount Sinai, New York 11766.

9. Upon information and belief, defendant, Ken Ahrem (Ahrem), at all times hereinafter mentioned, was and is a principal and licensed loan officer with Streamline, having an address for business at 365 Route 25A, Mount Sinai, New York 11766.

10. Upon information and belief, defendant, Anthony Pepe (Pepe), at all times hereinafter mentioned, was and is a licensed loan officer with Streamline, having an address for business at 365 Route 25A, Mount Sinai, New York 11766.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1332, because the action (a) arises under the laws of the United States and (b) is between citizens of different states and (c) the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Additionally, the Court has supplemental jurisdiction over the subject matter of any state law claims pursuant to 28 U.S.C. §1367(a).

12. Venue is proper in this district pursuant to written agreement between the parties, who choose this court as an arbiter of any disputes arising under the agreements between them.

## FACTUAL BACKGROUND

13. Plaintiffs incorporate by reference as if fully set forth each of its statements and allegations set forth in Paragraphs "1" through "12" above.

14. ICON is the service provider for Carnegie Mortgage, LLC, which on or about August 20, 2008, lent money pursuant to a Mortgage loan in the amount of $465,000.00 to Nicolas to secure his purchase of certain real estate having an address of 241-19 148th Street, Rosedale, New York 11422 (premises).

15. This Mortgage loan was originated by Streamline with Ahrem and Pepe as the loan officers on behalf of Streamline.

16. Subsequent to the closing of the purchase utilizing this Mortgage loan, Nicolas defaulted on the repayment of the loan, which resulted in Carnegie and ICON investigating and auditing the Nicolas application.

17. The said investigation and audit revealed several misrepresentations by Nicolas in making the Mortgage loan application, which was submitted by Streamline including occupancy misrepresentation, income and asset misrepresentation, as well as value inflation.

18. The appraisal provided by UCI Appraisal Group and Ifemesia for the premises utilized photographs of another property, and the actual condition of the property was not reflected in the said appraisal, which did not accurately appraise the value of the premises.

19. ICON entered into a written Broker Agreement ("Agreement") with Defendant, Streamline on or about September 12, 2007, pursuant to which ICON

4

permitted Defendant to originate mortgage loans and to fund and close them for ICON's later re-sale to secondary market investors.

20. Pursuant to the terms of the Agreement, Defendant represented, at Sections 2 and 3 that the loan was originated to meet certain quality standards established by the parties.

21. Pursuant to the terms of the Agreement, at Section 6, 7, 14 and 15 thereof, Defendant agreed, *inter alia*, that in the event any of the loans it originated were defective due to fraud or otherwise, or that a borrower failed to make any installment due within the first 90 days following closing, then Defendant would repurchase the loan from Plaintiff for the entire unpaid balance then due and owing, and indemnify the Plaintiff from all losses incurred in connection therewith.

22. Pursuant to Section 16 of the Agreement between the parties, Defendant agreed that in the event of any dispute arising from this Agreement, then the parties consented to the jurisdiction of this Court to resolve same.

23. Beginning on October 23, 2008 and continuing through this date, ICON has advised Defendant in writing of a certain defective loan originated by Defendant and closed by ICON under the terms of the Agreement.

24. Defendant has failed to resolve the loan defects and/or repurchase the loan and indemnify Plaintiff in accordance with the provisions of the Agreement between the parties, despite repeated demand for same, causing ICON to incur damages and losses.

## COUNT I
## BREACH OF CONTRACT

25. Plaintiffs incorporate by reference as if fully set forth each of its allegations set forth in Paragraphs "1" through "24" above.

26. Defendants breached the terms of their Agreements between the parties, causing plaintiffs to incur damage.

WHEREFORE, plaintiffs demand judgment against the Defendants for damages in the principal amount of $465,000.00, plus interest from August 20, 2008, attorney's fees and costs of suit, and for such other and further relief as this court deems fair, just and equitable.

## COUNT II
## BREACH OF IMPLIED COVENANT
## OF GOOD FAITH & FAIR DEALING

27. Plaintiffs incorporate by reference as if fully set forth each of its allegations set forth in Paragraphs "1" through "26" above.

28. Defendants breached the implied covenant of good faith and fair dealing, causing plaintiffs to incur damage.

WHEREFORE, plaintiffs demand judgment against the Defendants for damages in the principal amount of $465,000.00, plus interest from August 20, 2008, punitive damages, attorney's fees and costs of suit, and for such other and further relief as this court deems fair, just and equitable.

## COUNT III
## FRAUD

29. Plaintiffs incorporate by reference as if fully set forth each of its allegations set forth in Paragraphs "1" through "28" above.

30. Defendants knew and/or should have known that the misrepresentations contained in the borrower's application were false and failed to disclose other transactions that would have affected the borrower's ability to qualify so as to induce ICON to issue mortgage financing for the loan.

6

31. Plaintiffs reasonably relied upon the acts of the Defendants when it sold the loans in question, to its detriment, whereby plaintiffs have incurred damage.

WHEREFORE, Plaintiffs demand judgment against the Defendants for damages in the principal amount of $465,000.00, plus interest from August 20, 2008, punitive damages, attorney's fees and costs of suit, and for such other and further relief as this court deems fair, just and equitable.

## COUNT IV
## NEGLIGENCE

32. Plaintiffs incorporate by reference as if fully set forth each of its allegations set forth in Paragraphs "1" through "31" above.

33. Defendants owed plaintiffs a duty of care.

34. Defendants breached their duty of care owed to plaintiffs.

35. The said breaches by Defendants were the proximate cause of damage incurred by plaintiffs.

WHEREFORE, Plaintiffs demand judgment against the Defendants for damages in the principal amount of $465,000.00, plus interest from August 20, 2008, attorney's fees and costs of suit, and for such other and further relief as this court deems fair, just and equitable.

Liput Law Offices, P.C.
Attorneys for Plaintiffs,
Icon Residential Capital LLC
& Carnegie Mortgage, LLC

By: _____
Andrew L. Liput

Dated: January 9, 2009